UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 7

Harvey Goldman & Company,                                       Case No. 10-62501
a/k/a Worldwide Equipment Company,
                                                                Hon. Phillip J. Shefferly
     Debtor.
_____/

Stuart A. Gold, trustee of the                                  Adversary Proceeding
Chapter 7 bankruptcy estate of                                  No. 11-05504-PJS
Harvey Goldman & Company,

     Plaintiff,

v.

Abraham Pasternak and Geraldine Pasternak,
individually, and as trustees of the Abraham and
Geraldine Pasternak Irrevocable Living Trust,

     Defendants.
_____/

**OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
ON COUNT I OF THE AMENDED COMPLAINT**

**INTRODUCTION**

The Plaintiff in this adversary proceeding is the Chapter 7 Trustee. The Trustee filed this adversary proceeding seeking various forms of relief against the Defendants. Count I of the Trustee's complaint seeks a determination under § 544 of the Bankruptcy Code that the Trustee is entitled to avoid a security interest claimed by the Defendants because the financing statement for that security interest was recorded under an assumed name of the Debtor, rather than under the corporate name of the Debtor. The Trustee has moved for summary judgment on Count I of the

amended complaint, but not on the other counts of the amended complaint. For the reasons explained in this opinion, the Court grants the Trustee's motion for summary judgment on Count I.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## FACTS

The following facts are not in dispute. Harvey Goldman & Company ("Debtor") was formed as a Michigan corporation in 1947. The Debtor's articles of incorporation state that the name of the corporation is "Harvey Goldman & Company." Over the years, the Debtor has been involved in many aspects of buying and selling machinery and equipment. On June 7, 1991, the Debtor filed a certificate of assumed name with the State of Michigan that states that the "true name of the corporation" is "Harvey Goldman and Company," and further states that the "assumed name" under which the Debtor will transact business is "Worldwide Equipment Company." Paragraph 1 of the "Information and Instructions" on the certificate of assumed name states that the "certificate of assumed name is to be used by corporations . . . desiring to transact business under an assumed name other than the true name of the corporation . . . ."

On January 3, 2007, the Abraham and Geraldine Pasternak Irrevocable Living Trust ("Defendant") filed a UCC-1 financing statement ("Financing Statement") with the Michigan Secretary of State. The Financing Statement identifies the debtor's "exact full legal name" as "World Wide Equipment Co." The Financing Statement identifies the secured party's name as "Geraldine & Abraham Pasternak Trust." The Financing Statement also states that it covers "inventory in the amount of $650,000.00 to secure outstanding loan."

On July 14, 2010, an involuntary Chapter 7 petition was filed against the Debtor. An order for relief was subsequently entered. On May 9, 2011, the Trustee filed this adversary proceeding. On the same day, the Trustee filed an amended complaint (docket entry no. 4). The amended complaint contains five separate counts. Count I seeks a determination that the Financing Statement did not perfect any security interest in favor of the Defendant because the Financing Statement was not filed under the Debtor's corporate name, "Harvey Goldman & Company," as required by applicable Michigan law. The amended complaint alleges that because the Financing Statement was not filed under the corporate name of the Debtor, any security interest claimed by the Defendant is unperfected under applicable Michigan law and, therefore, the Trustee may use § 544(a) of the Bankruptcy Code to avoid any security interest claimed by the Defendant.

On July 1, 2011, the Trustee moved for summary judgment on Count I of the amended complaint (docket entry no. 10). On July 15, 2011, the Defendant filed a response (docket entry no. 14) to the motion for summary judgment. On August 23, 2011, the Trustee filed a reply (docket entry no. 20) to the Defendant's response. On August 26, 2011, the Court heard the motion for summary judgment. At the conclusion of the hearing, the Court took the motion for summary judgment under advisement.

## STANDARD FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56 for summary judgment is incorporated into Fed. R. Bankr. P. 7056. Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there

-3-

be no *genuine* issue of *material* fact." Id. at 247-48. A "genuine" issue is present "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Anderson, 477 U.S. at 248).

"The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." Kalamazoo River Study Group v. Rockwell International Corp., 171 F.3d 1065, 1068 (6th Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). "The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict for the non-moving party." Id. (citing Anderson, 477 U.S. at 248). "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. Berryman v. Rieger, 150 F.3d at 566 (citing Anderson, 447 U.S. at 256).

## DISCUSSION

Section 544(a)(1) of the Bankruptcy Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

"The 'strong arm' clause of the Bankruptcy Code, 11 U.S.C. § 544(a), grants a bankruptcy trustee the power to avoid transfers of property that would be avoidable by certain hypothetical parties." Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1023 (6th Cir. 2001). This section "allows the trustee to 'step into the shoes' of a creditor in order to nullify transfers

-4-

voidable under state [law] for the benefit of all creditors." Corzin v. Fordu (In re Fordu), 201 F.3d 693, 697 n.3 (6th Cir. 1999) (quotation marks and citation omitted). Under § 544(a)(1), "the trustee by law acquires all the rights under state law of a hypothetical creditor with a lien on all the property of the debtor . . . ." LSA Leasing Corp. v. Phipps Constr. Co., 972 F.2d 347 (Table), 1992 WL 172131, at *3 (6th Cir. July 22, 1992).

In this case, the Trustee argues that the Defendant filed the Financing Statement under the wrong name. Instead of filing the Financing Statement under the Debtor's corporate name, "Harvey Goldman & Company," the Defendant filed the Financing Statement under the name "World Wide Equipment Co.," which is similar, although not identical, to the Debtor's registered assumed name of "Worldwide Equipment Company." According to the Trustee, a review of the Uniform Commercial Code ("UCC") provisions enacted in Michigan compels the conclusion that the Financing Statement is insufficient as a matter of law. The Trustee's motion for summary judgment is supported by a July 1, 2011 affidavit of Charles Taunt, who served as the interim trustee prior to the election of the permanent Trustee in this case. Taunt's affidavit explains that on or about November 29, 2010, while serving as the interim trustee, Taunt directed his staff to obtain a UCC and tax lien search from the office of the Michigan Secretary of State under the name "Harvey Goldman & Company." A copy of the search that was obtained by Taunt's staff is attached to his affidavit. That search did not reveal the Financing Statement because the Financing Statement was filed under the name "World Wide Equipment Co." and not under the Debtor's corporate name, "Harvey Goldman & Company." Therefore, the Trustee argues that the Financing Statement did not perfect any security interest held by the Defendant, and a hypothetical judgment lien creditor in Michigan would have priority over an unperfected security interest held by the Defendant. As a

result, the Trustee argues, any security interest held by the Defendant is avoidable under § 544(a) of the Bankruptcy Code.

The Defendant does not dispute that the corporate name of the Debtor is "Harvey Goldman & Company." Instead, the Defendant argues that the Financing Statement is still sufficient to perfect a security interest in favor of the Defendant, since it was filed under an assumed name that the Debtor had registered in the public record. The Defendant does not dispute that the Financing Statement did not show up in the UCC and tax lien search obtained by Taunt from the office of the Michigan Secretary of State. However, the Defendant argues that this fact is irrelevant, because the Debtor did business under an assumed name, and because the Financing Statement would show up in a UCC and tax lien search under the assumed name of "Worldwide Equipment Company." The Defendant also points out that it is very early in this adversary proceeding and discovery has not yet been taken by either the Trustee or the Defendant.

The Trustee and the Defendant do not dispute that a financing statement must be filed in order to perfect any security interest that the Defendant holds in the Debtor's inventory. Nor do they dispute that if the Debtor's security interest is unperfected under Michigan law, then the Trustee may avoid it under § 544(a) of the Bankruptcy Code. The only dispute between the Trustee and the Defendant pertains to the sufficiency of the name of the Debtor on the Financing Statement. The resolution of that dispute turns on the application of the UCC as enacted in Michigan.

Mich. Comp. Laws Ann.§ 440.9502(1) governs the contents of a financing statement. Section 440.9502(1)(a) states that a financing statement "is sufficient only" if it "provides the name of the debtor." Mich. Comp. Laws Ann.§ 440.9503(1) sets forth the criteria to determine whether a financing statement sufficiently provides the name of a debtor. Section 440.9503(1)(a) states that

"if the debtor is a registered organization" then the financing statement is only sufficient if it "provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor to have been organized."

Application of Mich. Comp. Laws Ann.§ 440.9502 and Mich. Comp. Laws Ann.§ 440.9503 to this case is easy. The Debtor is a registered organization. It is a corporation organized by articles of incorporation filed in Michigan. The name of the Debtor indicated in the articles of incorporation and on the public record for the state of Michigan is "Harvey Goldman & Company." Therefore, "Harvey Goldman & Company" is the name of the Debtor for purposes of Mich. Comp. Laws Ann.§ 440.9503(1)(a). Because the Financing Statement does not sufficiently provide the name of the Debtor under Mich. Comp. Laws Ann.§ 440.9503(1)(a), the Trustee is correct that the Financing Statement is not sufficient under Mich. Comp. Laws Ann.§ 440.9502(1)(a).

The Defendant attempts to escape this result by making four arguments. First, the Defendant argues that the registration of an assumed name by the Debtor somehow made *that* assumed name the corporate name of the Debtor. It did not. The registration of an assumed name does not have the legal effect in Michigan of changing the Debtor's corporate name. <u>See</u> Mich. Comp. Laws Ann. § 450.1217(1) (providing under the Michigan Business Corporation Act that "a domestic or foreign corporation may transact business under any assumed name or names <u>other than its corporate name</u> by . . . filing a certificate stating the true name of the corporation and the assumed name under which the business is to be transacted") (emphasis added). The Debtor's true corporate name is that which is set forth in the articles of incorporation under which the Debtor was organized. In this case, the Debtor's true corporate name is "Harvey Goldman & Company." The Debtor's assumed name is a name "other than its corporate name." The Defendant cites no authority to support its

-7-

11-05504-pjs    Doc 22    Filed 09/13/11    Entered 09/13/11 17:33:29    Page 7 of 11

contention that the assumed name somehow either changed or became the true corporate name of the Debtor.

Second, conceding that the Financing Statement does not contain the name "Harvey Goldman & Company," the Defendant next argues that this omission does not make the Financing Statement seriously misleading. The Defendant's argument is not persuasive. Mich. Comp. Laws Ann.§ 440.9506(1) does provide that a financing statement that substantially satisfies the requirements regarding the contents of a financing statement is still effective even if it has minor errors or omissions "unless the errors or omissions make the financing statement seriously misleading." Mich. Comp. Laws Ann.§ 440.9506(2) and (3) provide the Court with assistance in determining whether a financing statement that contains errors or omissions is seriously misleading. Mich. Comp. Laws Ann.§ 440.9506(2) states that a financing statement that fails sufficiently to provide the name of the debtor in accordance with Mich. Comp. Laws Ann.§ 440.9503(1) is "seriously misleading." Under that statutory provision, the Financing Statement is seriously misleading because it does not sufficiently provide the name of the Debtor in this case.

Nor does Mich. Comp. Laws Ann.§ 440.9506(3) rescue the Defendant in this case. That statutory provision states that "[i]f a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with section 9503(1), the name provided does not make the financing statement seriously misleading." In other words, even if a financing statement does not sufficiently provide the correct name of the debtor as required by Mich. Comp. Laws Ann.§ 440.9503(1)(a), it can still be effective if a search of the records of the Michigan Secretary of State using that office's standard search logic would

disclose the financing statement in question. But in this case, as shown by Taunt's affidavit, a search of the office of the Michigan Secretary of State under the Debtor's correct corporate name (i.e., "Harvey Goldman & Company") does not disclose the Financing Statement. The Defendant does not contest Taunt's affidavit. Therefore, because the Financing Statement is not disclosed by a UCC and tax lien search under the correct name of the Debtor (i.e., "Harvey Goldman & Company"), the Financing Statement is seriously misleading.

Third, the Defendant tries to avoid this result by arguing that a search of the internet website of the Michigan Department of Licensing and Regulatory Affairs under the Debtor's corporate name of "Harvey Goldman & Company" would lead the searcher to the Debtor's assumed name and, conversely, a search of the same internet website under the Debtor's assumed name would lead the searcher to the Debtor's corporate name of "Harvey Goldman & Company." The Defendant asserts that the Debtor's assumed name is *a* name provided on *a* public record, and can be found by a search of the records of the Department of Licensing and Regulatory Affairs, which itself is a public record. Therefore, according to the Defendant, the savings clause under § 440.9503 for a financing statement with errors or omissions is applicable in this case. This argument is sophistry. While the Department of Licensing and Regulatory Affair's records is certainly a "public record" within the common, ordinary meaning of those words, the savings clause contained in § 440.9503(3) requires "a search of the records of *the filing office* . . . using *the filing office's* standard search logic." Mich. Comp. Laws Ann. § 440.9506(3) (emphasis added). This means a search of the Michigan Secretary of State's records. The fact that the Defendant's search of another public record (i.e., the Department of Licensing and Regulatory Affairs) revealed a cross reference to both the Debtor's

-9-

11-05504-pjs    Doc 22    Filed 09/13/11    Entered 09/13/11 17:33:29    Page 9 of 11

corporate name and to its assumed name does not qualify for the exception contained in § 440.9506(3).[1]

The Defendant makes one last argument against granting Plaintiff's motion for summary judgment by identifying the following "issues of fact" to be resolved at trial: (1) the Debtor conducted business using the name "Worldwide Equipment Company"; (2) all checks were in that name; (3) all invoices and letterhead were in that name; (4) all signs were in that name; and (5) the financing statement has the proper tax identification number. Even assuming all of these alleged facts are true, it makes no difference. These are all unremarkable actions one would expect from a corporation doing business under an assumed name. They do not change the fact that the name of the Debtor appearing on the Financing Statement is not the correct corporate name but is instead an assumed name of the Debtor that makes the Financing Statement seriously misleading.

## CONCLUSION

Even though the Defendant correctly observes that it is early in this adversary proceeding and no discovery has yet been taken, the Defendant has not identified any genuine issues of material fact that prevent the Court from granting the Trustee's motion for summary judgment. The Financing Statement was not filed under the corporate name of the Debtor indicated on the public record of Michigan, the jurisdiction of organization of the Debtor. Instead, the Financing Statement was filed under a name that resembles, but is not identical to, an assumed name of the Debtor. That

---

[1] The only reference in the statute to filing under a name other than the debtor's true corporate name is a reference to filing under a trade name. But Mich. Comp. Laws Ann. § 440.9503(3) provides unequivocally that filing "a financing statement that provides only the debtor's trade name does not sufficiently provide the name of the debtor." Therefore, even if the Defendant filed the Financing Statement under a trade name of the Debtor, such filing is not sufficient under the statutory scheme in the UCC as adopted in Michigan.

-10-

Financing Statement was not disclosed in the UCC search obtained in this case by the interim trustee from the office of the Michigan Secretary of State. The Financing Statement is insufficient because it does not provide the correct name of the Debtor. The errors and omissions contained in the Financing Statement, by using another name for the Debtor, make it seriously misleading. Under Mich. Comp. Laws Ann. § 440.9317(1)(b)(i), an unperfected security interest is subordinate to a lien creditor in Michigan. Therefore, under the strong arm clause of § 544(a)(1) of the Bankruptcy Code, the Trustee in this case may avoid any security interest claimed by the Defendant, because the Financing Statement was ineffective to perfect any security interest claimed by the Defendant. The Court will enter a separate order granting the Trustee's motion for summary judgment.

.

**Signed on September 13, 2011**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**